UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATIONAL SURETY CORPORATION,

        Plaintiff,

    v.

PACIFIC INTERNATIONAL VEGETABLE
MARKETING, INC.,

        Defendant.

_____/

No. C-09-4898 EMC

**ORDER GRANTING THIRD PARTY
DEFENDANT'S MOTION TO DISMISS**

**(Docket No. 19)**

      Plaintiff National Surety Corporation ("NSC") initiated this lawsuit against Defendant
Pacific International Vegetable Marketing, Inc. ("PIM").  Thereafter, PIM asserted a counterclaim
against NSC and a third-party complaint against TWIW Insurance Services, LLC.  Currently
pending before the Court is TWIW's motion to dismiss some but not all of the claims asserted in
PIM's third-party complaint.  Having considered the parties' briefs and accompanying submissions,
as well as the oral argument of counsel, the Court hereby **GRANTS** TWIW's motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

      In its third-party complaint, PIM alleges as follows.

      On or about March 1, 2005, PIM entered into an Agricultural Marketing Agreement with
A&A Farming.  Under the Agreement, A&A hired PIM as its marketing agent for the sale of its
crop.  *See* Compl. ¶ 6; Compl., Ex. A (Agreement ¶ 2).  The Agreement obligated A&A (1) to
maintain comprehensive public liability insurance, including product liability insurance, with certain
limits and (2) to name PIM as an additional insured under the insurance policies.  *See* Compl. ¶ 7;

*see also* Compl., Ex. A (Agreement ¶ 13) (providing that "Grower shall furnish to Shipper a current certificate of insurance . . . evidencing that Grower has . . . comprehensive general public liability, including product liability, . . . Insurance throughout the time period of this contract with the following limits and naming Shipper as an additional insured").

To effect its obligations under the Agreement, A&A directed TWIW – which is an agent authorized to sell insurance for and on behalf of NSC – to take all necessary steps to add PIM as an additional insured to the insurance policy issued by NSC to A&A. *See* Compl. ¶¶ 3, 8. TWIW subsequently delivered to PIM a Certificate of Liability Insurance, indicating that PIM was added to the NSC policy as an additional insured. *See* Compl. ¶ 8 & Ex. B.

Thereafter, in June 2006, several patrons of a Wendy's restaurant in Ogden, Utah, became ill. It was later determined that the patrons had become sick as a result of contaminated lettuce grown by A&A and provided to Wendy's by PIM. *See* Compl. ¶ 9.

In August 2006, some of the patrons filed suit against Wendy's. Wendy's then filed a third-party complaint against PIM. *See* Compl. ¶ 11. Beginning in October 2006, PIM tendered the defense of the claims to NSC on multiple occasions. NSC finally accepted the tender of defense in May 2007. *See* Compl. ¶¶ 12-13. However, a few months later, in October 2007, NSC advised PIM that it had reconsidered its position, based primarily on its conclusion that PIM was not appropriately named as an insured or additional insured under the policy. *See* Compl. ¶ 15. In 2008, additional lawsuits were filed based on the same underlying events, and, although PIM tendered the defenses of these claims as well to NSC, NSC refused. *See* Compl. ¶¶ 16-17.

Based on the above allegations, PIM has filed a third-party complaint against TWIW for its failure to obtain additional insured status for PIM on the NSC insurance policy. PIM has filed suit not only on its own behalf but also as assignee of any claim A&A may have against TWIW. *See* Compl. ¶ 20 (alleging that A&A transferred and assigned to PIM of A&A's "rights, title and interest in and to all causes of action A&A had or may have had against TWIW for TWIW's failure to secure the requisite endorsements naming PIM as an additional insured"). The following causes of action are asserted in the complaint: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty and "Other Tort Duties" (apparently, negligence,

misrepresentation, and breach of warranty). In the currently pending motion, TWIW argues that the

claims for misrepresentation, breach of fiduciary duty, and breach of warranty should be dismissed.

## II. DISCUSSION

A.    Misrepresentation

In its third-party complaint, PIM asserts claims for both negligent and intentional

misrepresentation. TWIW argues that the misrepresentation claims should be dismissed because (1)

PIM has failed to allege with specificity the particulars about the misrepresentation (*i.e.*, the who,

when, and where) and (2) PIM has failed to allege that TWIW knew that its representation was false

at the time that it made the representation.

1.    Specificity

The parties agree that Federal Rule of Civil Procedure 9(b) governs the misrepresentation

claim. Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Ninth Circuit has explained

that

> Rule 9(b) demands that, when averments of fraud are made, the
> circumstances constituting the alleged fraud "be 'specific enough to
> give defendants notice of the particular misconduct . . . so that they
> can defend against the charge and not just deny that they have done
> anything wrong.'" Averments of fraud must be accompanied by 'the
> who, what, when, where, and how' of the misconduct charged.

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

The Court agrees with PIM that it has alleged with specificity at least one misrepresentation

based on an exhibit that is attached to its third-party complaint – *i.e.*, the Certificate of Liability

Insurance that TWIW delivered to PIM. *See* Compl. ¶ 8 & Ex. B (Certificate of Liability Insurance).

But this singular misrepresentation seems to have made to PIM alone, and not to A&A. *See* Compl.

¶ 8 (alleging that the Certificate of Liability Insurance was delivered to PIM); *see also* Opp'n at 3

(arguing that the document "shows that Ms. Shiflet of TWIW sent the Certificate of Insurance to

PIM in Salinas, California"). Therefore, to the extent the misrepresentation claims are based on

misrepresentations made to A&A, and not PIM, there is a lack of specificity. In addition, the Court

notes that, as pled, the complaint seems to reference more than just one misrepresentation. *See*

Compl. ¶¶ 35-36. At the hearing, however, PIM conceded that the above constituted the sole misrepresentation. This too needs to be clarified as the existing complaint lacks specificity. The Court therefore dismisses without prejudice the misrepresentation claims.

### 2. Knowledge of Falsity at Time Misrepresentation Made

As for the misrepresentations claims based on the sole alleged misrepresentation made to PIM, the Court dismisses without prejudice for an additional reason. As TWIW argues, PIM has failed to allege that TWIW knew that its representations were false at the time they were made. *See* Cal. Civ. Code § 1710 (defining deceit as, *inter alia*, "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true" and "[t]he assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true"). PIM does not dispute that a claim for misrepresentation requires knowledge of falsity at the time of the misrepresentation. Its only contention is that it has satisfied this requirement by alleging that TWIW "misrepresent[ed] to A&A and PIM that PIM had insurance when it did not." Compl. ¶ 35. Even if all reasonable inferences are to be made in PIM's favor and the claim for negligent misrepresentation only requires that TWIW should have known the representation was false, the allegations do not give rise to a reasonable inference that TWIW knew or should have known at the time of its representations that PIM was not in fact insured.

### B. Breach of Fiduciary Duty

In its third-party complaint, PIM seems to assert a claim for breach of fiduciary duty based on TWIW's failure to obtain for A&A and PIM the additional insured status for PIM. In its motion to dismiss, TWIW argues that PIM has failed to state a claim for relief for breach of fiduciary duty (whether on behalf of itself or on behalf of A&A) because "California law has not clearly held that an insurance broker-insured relationship establishes a fiduciary duty." Mot. at 5. TWIW relies primarily on *Hydro-Mill Co., Inc. v. Hayward, Tilton & Rolapp Ins. Assocs., Inc.*, 115 Cal. App. 4th 1145 (2004), in support of its argument.

As TWIW points out, in *Hydro-Mill*, the state appellate court did state that "it is unclear whether a fiduciary relationship exists between an insurance broker and an insured." *Id.* at 1156. But, as Judge White of this District has noted, the *Hydro-Mill* court never held "as a matter of law

that insurance brokers never owe a fiduciary duty to their clients." *Shemano-Krupp v. Mutual of Omaha Ins. Co.*, No. C 05-04693 JSW, 2008 U.S. Dist. LEXIS 70097, at *22 (N.D. Cal. Sept. 15, 2008). In fact, Judge White noted that, "in *Steadman v. McConnell*, 149 Cal. App. 2d 334, 338 (1957), the court held that where an insurance agent was an expert in the field and the insured was a layman, there was a fiduciary relationship between the insurance agent and the insured." *Id.* The Court therefore rejects TWIW's position to the extent it argues that there may never be a cause of action for breach of fiduciary duty where a broker and insured are involved.

Nevertheless, both parties acknowledged at the hearing that there are no reported cases in California finding a fiduciary duty owed by an insurance agent to an insured who is not a consumer who presumably lacks expertise. The cases that have found such a fiduciary duty (not involving, *e.g.,* handling of funds) all involve relatively unsophisticated insureds. Finding a fiduciary duty in those circumstances comports with the general purpose in imposing fiduciary obligations -- where the fiduciary is in a superior position and can easily take advantage of the other party. *See City of Hope Nat'l Med. Ctr. v. Genentech, Inc.*, 43 Cal. 4th 375, 389 (2008) (indicating that "fiduciary obligations . . . generally come into play when one party's vulnerability is so substantial as to give rise to equitable concerns underlying the protection afforded by the law governing fiduciaries"). As pled in PIM's third-party complaint, the claim should be dismissed because there are insufficient allegations that a fiduciary relationship existed between A&A/PIM and TWIW. There are no allegations, for example, that, similar to *Steadman*, A&A/PIM were unsophisticated business entities who were vulnerable to TWIW. The Court therefore dismisses without prejudice the claim for breach of fiduciary duty. The Court notes that this ruling has no effect on any claim for, *e.g.*, professional negligence. *Cf. Hydro-Mill*, 115 Cal. App. 4th at 1157-58 (noting that "[i]t is not clear in what respect the fiduciary duty owed by an independent insurance agent differs from the duty of due (reasonable) care" -- *i.e.*, the duty "to use reasonable care, diligence, and judgment in procuring the insurance requested by its client").

C.    Breach of Warranty

In its third-party complaint, PIM did refer to an alleged tort committed by TWIW consisting of a breach of warranty. In its opposition brief, PIM has clarified that it does not object to dismissal

of the claim for breach of warranty "as used in the traditional, commercial sense" such as "warranty of a product." Opp'n at 6. PIM explains that it meant to use the phrase "breach of warranty" only in context with its claims for, *e.g.*, misrepresentation. Because PIM has effectively stated that the breach-of-warranty claim is not independent of its claims for misrepresentation, and the Court has dismissed the misrepresentation claims, this claim is also dismissed.

### III.  CONCLUSION

For the foregoing reasons, TWIW's motion to dismiss is granted. The claims for misrepresentation (including the breach-of-warranty claim) and the claim for fiduciary duty are dismissed without prejudice. Because PIM has stated that, at this juncture, it does not intend to amend its complaint, the Court orders that TWIW respond to the complaint by March 23, 2010. This ruling does not bar PIM from subsequently seeking leave to reassert a claim for misrepresentation or breach of fiduciary duty so long as it has a Rule 11 basis for believing that there is a factual basis for any such claim. In addition, this ruling does not bar PIM from exploring in discovery whether there was negligence on the part of TWIW in allegedly failing to obtain the insurance requested.

This order disposes of Docket No. 19.


IT IS SO ORDERED.


Dated: March 5, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

6